1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT
9                                 DISTRICT OF NEVADA
10

11  MARIO HERRADA-GONZALEZ,              Case No. 2:20-cv-01013-GMN-DJA
12                 Petitioner,            **ORDER**
13        v.
14  JERRY HOWELL, et al.,
15                 Respondents.
16

17  **I.    Motion to Dismiss and Motion to Strike or, in the Alternative, Motion for More**
18  **Definite Statement**

19        This is a habeas corpus matter under 28 U.S.C. § 2254.  On June 3, 2020, petitioner Mario

20  Herrada-Gonzalez dispatched his original, proper-person habeas corpus petition to the court.

21  ECF No. 4.  The court appointed the Federal Public Defender to represent Herrada-Gonzalez.

22  ECF No. 3, 12.  On July 6, 2020, Herrada-Gonzalez filed a motion for leave to file a first

23  amended protective petition, with the proposed amended petition attached, and then for a leave to

24  file a second amended petition.  ECF No. 9, 10.  The court granted the motion on July 8, 2020,

25  and Herrada-Gonzalez filed the first amended protective petition on July 9, 2020.  ECF No. 12,

26  13.  Herrada-Gonzalez filed the second amended petition on February 19, 2021.  ECF No. 23.  On

27  June 4, 2021, respondents filed a motion to dismiss.  ECF No. 29.

28

On June 17, 2021, Herrada-Gonzalez filed a motion to strike or, in the alternative, motion for motion for more definite statement. ECF No. 39. In that motion, Herrada-Gonzalez argues that the part of the motion to dismiss based on the statute of limitations does not state the asserted defense with sufficient particularity, and, therefore, does not give him fair notice of the scope of the motion such that he may fairly respond to it. Respondents have filed an opposition to Herrada-Gonzalez's motion. ECF No. 42. Herrada-Gonzalez has filed a reply. ECF No. 43. The court will grant the motion, will deny the motion to dismiss without prejudice, and will require respondents to file a new motion to dismiss adequately setting forth their statute of limitations defense or abandoning that defense.

In their motion to dismiss, respondents concede that Herrada-Gonzalez's original petition and first amended protective petition were timely filed. ECF No. 29 at 6. They argue that Herrada-Gonzalez's second amended petition was filed after the expiration of the limitations period. Id. Respondents' entire argument based on the statute of limitations is as follows:

> Herrada-Gonzalez filed both his original petition on June 20, 2020 (ECF No. 4) and his Amended Petition on July 9, 2020 (ECF No. 13), within the statute of limitations. However, Herrada-Gonzalez then filed his Second Amended Petition on February 19, 2021, after the statute of limitations ran. ECF No. 23. Since Herrada-Gonzalez filed his Second Amended Petition will after the August 4, 2020 deadline, his claims are untimely, warranting dismissal.
>
> As a result, absent Herrada-Gonzalez showing that individual claims of the Second-Amended Petition are timely under the delayed accrual provisions of 28 U.S.C. 2244(d)(1)(B) through (D), his Second-Amended Petition is untimely in its entirety. Herrada-Gonzalez may, however, be able to avoid dismissal of any untimely claims if he satisfies his burden of establishing that he is actually innocent, that he is entitled to equitable tolling, or that his claims relate back to one of his prior timely filed pleadings. McQuiggin v. Perkins, 569 U.S. 383 (2013) (acknowledging that a claim of actual innocence can overcome the AEDPA statute of limitations); Smith v. Davis, 953 F.3d 582, 588-99 (9th Cir. 2020) (en banc) (addressing the standard for establishing equitable tolling); Ross v. Williams, 950 F.3d 1160, 1167, 1172 (9th Cir. 2020) (identifying standard requiring a petitioner to show that "each claim in the amended petition" relates back to a prior timely filed pleading and acknowledging that a court may dismiss a petition as untimely where the pleadings or additional briefing fail to "identify the specific portions of an earlier pleading that contain the relevant factual material to which the new pleading is attempting to relate back").

ECF No. 29 at 6.

1       Herrada-Gonzalez's second amended petition is 18 pages long, and it includes 3 claims. A
2  brief comparison of Herrada-Gonzalez's second amended petition with his original petition and
3  his first amended protective petition reveals that there is substantial overlap among the three.
4       Under the Federal Rules of Civil Procedure, an amended pleading relates back to the date
5  of an earlier pleading when "the amendment asserts a claim . . . that arose out of the conduct,
6  transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R.
7  Civ. P. 15(c)(1)(B); see also Mayle v. Felix, 545 U.S. 644, 649 (2005). However, a claim in an
8  amended habeas petition does not meet the relation-back standard "when it asserts a new ground
9  for relief supported by facts that differ in both time and type from the original pleading . . . ."
10 Mayle, 545 U.S. at 650.
11      The AEDPA statute of limitations applies on a claim-by-claim basis. See Mardesich v.
12 Cate, 668 F.3d 1164, 1170-71 (9th Cir. 2012). With respect to Herrada-Gonzalez's second
13 amended petition, this means that the timeliness of each of Herrada-Gonzalez's claims under the
14 statute of limitations turns on the question whether each claim, independently, relates back to a
15 claim in a timely filed petition.
16      Respondents do not, in their motion to dismiss, specify which of Herrada-Gonzalez's
17 claims or subclaims are allegedly barred by the statute of limitations. The court does not read
18 respondents' motion to dismiss to seriously argue that all of Herrada-Gonzalez's claims are barred
19 by the statute of limitations—it appears from a comparison of the original petition, the first
20 amended protective petition, and the second amended petition that such an argument would be
21 largely frivolous. However, because respondents do not specify which claims or subclaims are
22 subject to their statute of limitations defense, they have failed to state their position with respect
23 to that defense. Respondents do not give Herrada-Gonzalez fair notice of their defense. See
24 Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979), overruled on other grounds by
25 Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc) ("The key to
26 determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair
27 notice of the defense.").
28

3

Federal Rule of Civil Procedure 8(b)(1)(A) states that "[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it. . . ." Under the circumstances here—again, respondents' statute of limitations defense is subject to a claim-by-claim analysis—respondents must do more, to properly plead their statute of limitations defense, than provide a formulaic recitation of the law governing the statute of limitations and an allegation that the second amended petition was filed after the expiration of the limitations period. At minimum, respondents must give Herrada-Gonzalez fair notice which of his claims or subclaims are subject to the defense.

**II.     Motion for Discovery**

On March 9, 2021, Herrada-Gonzalez filed a motion for discovery.  ECF No. 25.  He seeks records and asks to take depositions in support of ground 1 of the second amended petition, which claims that trial counsel provided ineffective assistance in advising Herrada-Gonzalez to reject a guilty-plea offer.  Respondents have not responded to the motion and thus consent to the court granting it.  LR 7-2(d).  Having reviewed ground 1 and the request for discovery, the court finds under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts that good cause exists to grant Herrada-Gonzalez's motion for discovery.  See Bracy v. Gramley, 520 U.S. 899 (1997).

**III.    Conclusion**

IT IS THEREFORE ORDERED that petitioner's motion to strike, or, in the alternative, motion for more definite statement (ECF No. 39) is **GRANTED**.

IT IS FURTHER ORDERED that Respondents' Motion to Dismiss (ECF No. 29) is **DENIED**, without prejudice to respondents filing a new motion to dismiss, adequately setting forth their statute of limitations defense or abandoning that defense.

IT IS FURTHER ORDERED that respondents' will have 30 days from the date of this order to file their new motion to dismiss. In all other respects, the schedule for further proceedings set forth in the order entered on July 8, 2020 (ECF No. 12) will remain in effect.

///

///

1      IT FURTHER IS ORDERED that petitioner's motion for discovery (ECF No. 25) is
2 **GRANTED**.  Discovery must be completed within 90 days from the date of entry of this order.
3 Petitioner will have 30 days from the completion of discovery to file and serve any appropriate
4 motion.

5      DATED: February 24, 2022

                                                                          _____
                                                                          GLORIA M. NAVARRO
                                                                          United States District Judge