UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIO HERRADA-GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>JERRY HOWELL, et al.,<br><br>Respondents. | Case No. 2:20-cv-01013-GMN-DJA<br><br>**Order Granting Motion to Stay and Denying Motion for Leave to File an Amended Petition without Prejudice**<br><br>**(ECF Nos. 53, 69)** |

28 U.S.C. § 2254 habeas corpus petitioner Mario Herrada-Gonzalez has moved for leave to file a third-amended petition, which respondents oppose. (ECF Nos. 53, 60, 67.) Herrada-Gonzalez has now also moved for a motion for a stay in accordance with *Rhines v. Weber.* (ECF No. 69.) Respondents have filed a non-opposition. (ECF No. 70.) The motion is granted. In light of the stay and abeyance, the motion for leave to amend is denied without prejudice.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. First, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. And the relief is "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Id.* Moreover, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and

1

there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *See Rhines*, 544 U.S. at 278; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Here, Herrada-Gonzalez has returned to state court to present the claim that his trial counsel was ineffective for failing to ask the district attorney if Herrada-Gonzalez could plead to second-degree murder, with a sentence of 10 to 25 years, immediately before trial or on the first day of trial. (*See* ECF No. 53 at 3.) He ultimately aims to file an amended federal petition to add this claim. While respondents oppose amendment, they do not oppose a stay. Herrada-Gonzalez argues that he has good cause for a *Rhines* stay under *Martinez v. Ryan*[1] because his state postconviction counsel was ineffective for failing to investigate and raise the claim. (ECF No. 69 at 10-11.) He urges the claim is not plainly meritless and he is not engaging in intentionally dilatory tactics. Respondents state that their lack of objection to a stay is not a concession of any kind regarding the claim's merit or any procedural defenses or arguments. (ECF No. 70 at 1.) The outcome of the state court proceedings may impact the claims that Herrada-Gonzalez will be able to pursue in his federal petition. Accordingly, especially in light of the respondents' non-opposition, petitioner's motion for stay is granted. The motion for leave to file an amended-petition is denied without prejudice.

---

[1] *Martinez* held that the ineffective assistance of counsel in an initial-review collateral proceeding may establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). With regard to Herrada-Gonzalez' state proceedings, the Nevada Supreme Court has expressly declined to follow the *Martinez* exception to excuse state procedural bars. *Brown v. McDaniel*, 331 P.3d 867, 871-75 (Nev. 2014) (en banc).

**IT IS THEREFORE ORDERED** that petitioner's motion for issuance of stay and abeyance (ECF No. 69) of this federal habeas corpus proceeding is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's postconviction habeas petition.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within 45 days of the issuance of the remittitur by the state appellate court at the conclusion of the state court proceedings on the postconviction habeas petition.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file an amended petition (ECF No. 53) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court **ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

DATED: 18 January 2023.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE