UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

Mario Herrada-Gonzalez,

Petitioner,

v.

W.A. Gittere, *et al.*,

Respondents.

Case No. 2:20-cv-01013-GMN-DJA

**Order Granting Leave to Amend Petition and Denying Motion to Dismiss without Prejudice**

(ECF Nos. 82, 76)

Respondents filed a Motion to Dismiss Petitioner Mario Herrada-Gonzalez's 28 U.S.C. § 2254 Second Amended Habeas Petition. (ECF No. 76.) The Petition challenges Herrada-Gonzalez's murder conviction, arguing trial court error, ineffective assistance of counsel, and that the evidence was insufficient. (ECF No. 23.) After the Motion to Dismiss was filed, Herrada-Gonzalez filed a Motion for Leave to File a Third Amended Petition. (ECF No. 82.) As discussed below, the Court grants the Motion to Amend and denies the Motion to Dismiss without prejudice.

I. Background

In July 2010, a Clark County, Nevada jury convicted Herrada-Gonzalez of First-Degree Murder with Use of a Deadly Weapon and Robbery with Use of a Deadly Weapon and acquitted him of Conspiracy to Commit Murder and Conspiracy to Commit Robbery. (Exh. 61.)[1] The charges in the case come from the killing of Melchor Bravo at

[1] Exhibits referenced in this order are exhibits to Respondents' first Motion to Dismiss, ECF No. 29, and are found at ECF Nos. 30-38.

a Las Vegas casino. (*See* ECF No. 23 at 2.) Herrada-Gonzalez had had a falling out with Bravo and alleged that he had gone to the casino with two associates to confront Bravo. One of the three men shot Bravo. The state district court sentenced him to terms that amounted to 26 years to life.[2] (Exh. 71.) Judgment of Conviction was entered on December 22, 2010. (Exh. 72.)

The Nevada Supreme Court affirmed Herrada-Gonzalez's convictions in part and reversed in part. (Exh. 108.) The court held that the State had introduced insufficient evidence to support the robbery conviction, so Herrada-Gonzalez was not guilty of murder under the felony-murder rule. (*Id*. at 3-4.) The court further held that sufficient evidence supported the conviction of first-degree murder under the lying-in-wait theory, and therefore, it affirmed the first-degree murder conviction. (*Id*. at 4-5.) An Amended Judgment of Conviction was entered on May 11, 2015. (Exh. 131.) Herrada-Gonzalez was re-sentenced on the murder count only to 20 to 50 years, with a consecutive 48 to 180 months for the deadly weapon enhancement. The Nevada Supreme Court affirmed the denial of Herrada-Gonzalez's state court habeas petition. (Exh. 172.)

Herrada-Gonzalez dispatched his federal petition for mailing in June 2020. (ECF No. 5.) The Court granted his Motion for Counsel and Herrada-Gonzalez, through his counsel the Federal Public Defender, filed a protective First Amended Petition in July 2020. (ECF No. 13.) He then filed a Second Amended Petition in February 2021. (ECF No. 23.) In December 2022, Herrada-Gonzalez filed a Motion for Stay; Respondents indicated that they did not oppose. (ECF No. 69, 70.) The Court granted the motion and stayed the case while Herrada-Gonzalez returned to state court. Herrada-Gonzalez moved to reopen the case, and the Court granted the motion in October 2024.

Respondents then filed a Motion to Dismiss the Second Amended Petition. (ECF No. 76.) Before filing a response to the Motion to Dismiss, Herrada-Gonzalez has filed

---

[2] The court sentenced Herrada-Gonzalez to 20 years to life for the murder count, 72 to 240 months consecutive for the weapon enhancement, 48 to 120 months for the robbery count, with a consecutive 48 to 120 months for the weapon enhancement. The court ran the robbery count concurrent to the murder count.

a Motion for Leave to File a Third Amended Petition. (ECF No. 82.) Respondents opposed, and Herrada-Gonzalez replied. (ECF Nos. 84, 86.)

II. Motion for Leave to File Third Amended Petition

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotations omitted). Although leave to amend is within the discretion of the district court, the decision "should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (internal quotations omitted). When deciding whether to grant leave, a court may "take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Id*. Futility of amendment can alone justify denying a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Here, Herrada-Gonzalez seeks to abandon one claim in the Second Amended Petition and to add two claims. (ECF No. 82.) The proposed Third Amended Petition sets forth four grounds for relief:

Ground 1: Trial counsel was ineffective in violation of Herrada-Gonzalez's Fifth, Sixth, and Fourteenth Amendment rights by:

(A) advising him to reject a favorable plea offer without explanation; and
(B) failing to request a special verdict form.

Ground 2: The State presented insufficient evidence to convict Herrada-Gonzalez under either the lying-in-wait theory or premeditation theory of first-degree murder, in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

Ground 3: The trial court failed to adequately instruct jurors on elements of lying-in-wait first-degree murder, in violation of Herrada-Gonzalez's Fifth, Sixth, and Fourteenth Amendment rights.

> Ground 4: Herrada-Gonzalez's rights were violated when the trial court failed to declare a mistrial following numerous instances of prosecutorial misconduct during closing arguments, in violation of Herrada-Gonzalez's Fifth, Sixth, and Fourteenth Amendment rights.

(ECF No. 82-1.)

Herrada-Gonzalez seeks to add grounds 3 and 4. He argues that because the claims were both raised and exhausted on direct appeal and that they relate back to a timely filed petition he has good cause to amend, and amendment is not futile.

Respondents assert that Herrada-Gonzalez seeks leave after undue delay and that the delay prejudices Respondents because they will likely have to draft a new Motion to Dismiss to address the new claims. (ECF No. 84.) They argue that amendment would be futile because the proposed amended petition fails to cure unexhausted claims that Herrada-Gonzalez raised in his Second Amended Petition. They also argue that Herrada-Gonzalez fails to articulate how justice requires amendment.

The Court notes that it would have been more expedient and efficient if Herrada-Gonzalez had sought leave to file an amended petition when he returned to this Court and moved to lift the stay. And Herrada-Gonzalez has not explained the reason for the delay in including these claims to the Court's satisfaction. However, he is correct that controlling federal law has changed or been clarified during the litigation of his federal petition. This Court had granted discovery before the United States Supreme Court decided *Shinn v. Ramirez*, 596 U.S. 366 (2022), and held that procedurally defaulted claims based upon new evidence could not be considered by a federal court if not previously presented in state court proceedings and where the failure to previously present that evidence was attributable to the negligence of initial state post-conviction counsel. In light of *Shinn*, Herrada-Gonzalez moved to stay the federal action in order to give the state courts an opportunity to consider newly developed evidence related to his plea negotiations. The Nevada Supreme Court ultimately refused to consider this evidence or the merits of the new ineffective assistance claim based upon application of

state procedural bars. (*See* Pet. Exh. 37, ECF No. 74-8.) Then the Ninth Circuit Court of Appeals held in *McLaughlin v. Oliver*, 95 F.4th 1239 (9th Cir. 2024), that new evidence presented but not considered on the merits by state courts in a successive postconviction petition cannot be considered to support otherwise procedurally defaulted claims in federal habeas. Counsel for Herrada-Gonzalez represents that after discussing the current procedural posture of this case with Petitioner, she moved to amend in order to add back in the two claims, which had been included in the First Amended Petition. Herrada-Gonzalez asserts that these two claims were exhausted on direct appeal and relate back to a timely filed petition. The Court concludes that justice is best served by granting the Motion for Leave to Amend and denying Respondents' Motion to Dismiss without prejudice. Respondents can then draft a renewed Motion to Dismiss that includes any procedural defenses that they wish to raise as to the two additional claims.

III. Conclusion

IT IS THEREFORE ORDERED that Petitioner's Motion for Leave to File a Third Amended Petition **(ECF No. 82) is GRANTED**. The Clerk of Court is directed to detach and file the proposed Third Amended Petition (ECF No. 82-1.)

IT IS FURTHER ORDERED that Respondents' Motion to Dismiss **(ECF No. 76) is DENIED** without prejudice.

IT IS FURTHER ORDERED that Respondents file a response to the Petition, including potentially by motion to dismiss, within **60 days** of service of the Petition, with any requests for relief by Petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed is to comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

IT IS FURTHER ORDERED that any procedural defenses raised by Respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded

in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, Respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that Petitioner has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by Respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

IT IS FURTHER ORDERED that any additional state court record exhibits filed herein by either Petitioner or Respondents be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment.

IT IS FURTHER ORDERED that, at this time, the parties send courtesy copies of any responsive pleading or motion and all indices of exhibits only to the Reno Division of this Court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the Court.

DATED: 9 June 2025.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE