UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARIO HERRADA-GONZALEZ,

    Petitioner,

    v.

JEREMY BEAN, *et al.*,

    Respondents.

Case No. 2:20-cv-01013-GMN-DJA

**ORDER**

## I.    Summary

This habeas corpus action is brought under 28 U.S.C. § 2254 by Marrio Herrada-Gonzalez, an individual incarcerated at Nevada's High Desert State Prison, represented by appointed counsel.  The respondents move to dismiss certain claims in Herrada-Gonzalez's third amended habeas petition, arguing that those claims are barred by the statute of limitations and/or unexhausted in state court.  As is explained below, the Court denies the motion to dismiss and sets a schedule for the respondents to file their answer.

## II.    Background

After a jury trial in Nevada's Eighth Judicial District Court (Clark County) in July 2010, Herrada-Gonzalez was convicted of first-degree murder with use of a deadly weapon and robbery with use of a deadly weapon. ECF No. 33-3 (jury verdict); ECF No. 33-14 (judgment of conviction).  He was sentenced, for first-degree murder with use of a deadly weapon, to life in prison with the possibility of parole after 20 years plus a consecutive term of 240 months with the possibility of parole after 72 months; for robbery with use of a deadly weapon, he was sentenced to two consecutive terms of 120 months with the possibility of parole after 48 months; the robbery sentence was to run concurrently with the murder sentence. ECF No. 33-14.  The judgment of conviction was filed on December 22, 2010. *Id*.

Herrada-Gonzalez appealed. *See* ECF No. 34-17 (opening brief).  In an order filed on February 10, 2014, affirming in part and reversing in part, the Nevada Supreme Court briefly described, as follows, the facts underlying Herrada-Gonzalez's conviction:

> Appellant Mario Herrada-Gonzalez had an ongoing dispute with Melchor Bravo over an unpaid debt.  Subsequently, Bravo was murdered in the parking lot of the Fort Cheyenne Casino in Las Vegas.  Herrada-Gonzalez admitted during a police interrogation that he was at the casino on the night of the murder, but he maintained that his friends, Spooky and Shorty, shot Bravo.  The police never found Spooky or Shorty.

ECF No. 35-18at 2; *see also* ECF No. 77-16 at 5–6 (more detailed description of the underlying facts, in an order of the state district court denying Herrada-Gonzalez's second state habeas petition).  The court ruled that there was insufficient evidence to support Herrada-Gonzalez's conviction of robbery with use of a deadly weapon and reversed that conviction. *Id*. at 4.  The court added that "because there was insufficient evidence to support the robbery conviction, Herrada-Gonzalez is not guilty of murder under the felony-murder rule." *Id*.  The court went on to rule, however, that "the State met its burden as to first-degree murder and a reasonable jury could have convicted Herrada-Gonzalez on at least one of the other theories of murder presented." *Id*.  In this regard, the court stated:

> Lying in wait is a type of murder that "is defined as watching, waiting, and concealment from the person killed *with the intention of* killing or inflicting bodily injury upon that person." *Collman v. State*, 116 Nev. 687, 717, 7 P.3d 426 (2000) (alteration in original) (citing *Moser v. State*, 91 Nev. 809, 813, 544 P.2d 424, 426 (1975)).
>
> The State presented evidence that Herrada-Gonzalez went to the casino to wait for Bravo with the intent to accost him regarding the unpaid debt.  It also presented evidence that Herrada-Gonzalez wanted Bravo beaten up and that a witness had heard Herrada-Gonzalez threaten Bravo with violence.  Additionally, evidence demonstrated that Herrada-Gonzalez was at or near the casino when Bravo was murdered.  Because we review the evidence in the light most favorable to the State and because there is sufficient evidence to support the first-degree murder conviction under the lying-in-wait theory, the jury's verdict of first-degree murder stands. *See Collman*, 116 Nev. at 717, 7 P.3d at 445; *Nolan v. State*, 122 Nev. 363, 377, 132 P.3d 564, 573 (2006).

*Id*. at 5 (emphasis in original).  The court affirmed Herrada-Gonzalez's conviction of murder with use of a deadly weapon. *Id*.  Herrada-Gonzalez filed a petition for a writ of

certiorari, which the United States Supreme Court denied on February 23, 2015. ECF Nos. 36-12, 36-13, 36-14.

On May 11, 2015, the state district court filed an amended judgment of conviction to reflect the Nevada Supreme Court's reversal of Herrada-Gonzalez's conviction of robbery with use of a deadly weapon. ECF No. 36-15.  Herrada-Gonzalez was resentenced, for the first-degree murder with use of a deadly weapon, to 20 to 50 years in prison, plus a consecutive term of 48 to 180 months. *Id*.  He did not appeal from the amended judgment of conviction.

On March 16, 2016, Herrada-Gonzalez filed a *pro se* post-conviction petition for writ of habeas corpus in the state district court. ECF No. 36-16.  Counsel was appointed for Herrada-Gonzalez, and with counsel he filed a supplemental petition. ECF No. 37-8. After holding an evidentiary hearing, the state district court denied the petition. ECF Nos. 37-13; 37-14.  Herrada-Gonzalez appealed.  *See* ECF No. 38-5 (opening brief). The Nevada Supreme Court affirmed on April 16, 2020. ECF No. 38-9.  The remittitur was issued on May 11, 2020. ECF No. 38-11.

Herrada-Gonzalez then initiated this federal habeas corpus action.  This Court received his *pro se* habeas petition for filing on June 8, 2020. ECF No. 4.  Herrada-Gonzalez states in the petition that he mailed it to the Court on June 3, 2020. *Id*. at 1. The Court appointed counsel. ECF No. 3.  With counsel, Herrada-Gonzalez filed a first amended petition on July 9, 2020. ECF No. 13.  He filed a second amended petition on February 19, 2021. ECF No. 23.  Respondents filed a motion to dismiss the second amended petition; the Court denied that motion without prejudice and granted Herrada-Gonzalez leave of court to conduct certain discovery. ECF No. 44.  Herrada-Gonzalez then moved for a stay, to hold this action in abeyance while he further exhausted claims in state court. ECF No. 69.  The respondents did not oppose that motion, and the Court granted it and stayed this action on January 18, 2023. ECF No. 71.

Meanwhile, Herrada-Gonzalez filed a counseled second state habeas petition on August 2, 2022. ECF No. 68-1.  The state district court denied that petition, ruling it

time-barred, successive, and barred by the laches doctrine. ECF No. 77-16 at 7–10. The state district court ruled that Herrada-Gonzalez did not demonstrate good cause and prejudice sufficient to overcome the procedural bars. *Id*. at 10–21. Herrada-Gonzalez appealed. *See* ECF No. 74-4 (opening brief). The Nevada Supreme Court affirmed on May 15, 2024. ECF No. 74-8.

Herrada-Gonzalez then moved to reopen this case, and the stay was lifted on October 9, 2024. ECF No. 75. Respondents filed another motion to dismiss the second amended petition. ECF No. 76. While that motion was pending, on March 21, 2025, Herrada-Gonzalez filed a motion requesting leave to file a third amended petition; his proposed third amended petition was attached to the motion. ECF Nos. 82, 82-1. The Court granted the motion on June 9, 2025. ECF No. 87. Herrada-Gonzalez's third amended petition, which is now his operative petition, sets forth the following grounds for habeas corpus relief:

1.    Trial counsel provided ineffective assistance, in violation of Herrada-Gonzalez's federal constitutional rights.

    A.    Trial counsel was ineffective because they advised Herrada-Gonzalez to reject a favorable plea offer without explanation.

    B.    Trial counsel was ineffective because they failed to request a special verdict form.

2.    Herrada-Gonzalez's conviction violates his federal constitutional rights because there was insufficient evidence to convict him of first-degree murder under either the lying-in-wait theory or the premeditation theory.

3    Herrada-Gonzalez's federal constitutional rights were violated because the trial court failed to adequately instruct jurors on the elements of lying-in-wait first-degree murder.

4.    Herrada-Gonzalez's rights were violated because the trial court failed to declare a mistrial following numerous instances of prosecutorial misconduct during closing argument.

ECF No. 88.

On December 19, 2025, Respondents filed the motion to dismiss that is now before the Court. ECF No. 96. They argue that Grounds 1B, 2 and 3 of the third amended petition are barred by the statute of limitations, and that Grounds 1A, 1B, 2

and 3 are unexhausted in state court. *Id.*  Herrada-Gonzalez filed an opposition to the motion to dismiss on May 4, 2026 (ECF No. 103), and the respondents filed a reply on June 2, 2026 (ECF No. 105).

**III.     Discussion**

     **A.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) includes a one-year statute of limitations for federal habeas petitions brought by state prisoners under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1).  The one-year limitations period begins to run from the latest of four possible triggering dates, the most common—the one applicable in this case—being the date on which the petitioner's state court conviction became final, by either the conclusion of direct appellate review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).  The limitations period is tolled while a "properly filed" state post-conviction action or other collateral review proceeding is pending. 28 U.S.C. § 2244(d)(2).  It begins to run again when the post-conviction judgment becomes final upon issuance of the state appellate court's remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

A federal habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.  Under Federal Rule of Civil Procedure 15(c), the petitioner may include an otherwise untimely claim in an amended habeas petition if it relates back to a claim in a timely filed petition.  A claim relates back if the claim in the amended petition "arose out of the conduct, transaction, or occurrence set out" in the earlier petition. Fed. R. Civ. P. 15(c)(1)(B).  In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court explained that Rule 15(c) permits relation back only when new claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Mayle*, 545 U.S. at 657 (internal quotation marks omitted.  The reviewing court looks for "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id*. at 659.  A claim that

merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id*. at 659 & n. 5; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

In this case, Herrada-Gonzalez is in custody under the amended judgment of conviction filed on May 11, 2015. ECF No. 36-15.  Herrada-Gonzalez did not appeal from the amended judgment of conviction, so his conviction became final on June 10, 2015, when the time for him to appeal ended. *See Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012).  The AEDPA limitations period began to run the next day, June 11, 2015.  279 days ran against the limitations period before Herrada-Gonzalez filed his first state habeas petition on March 16, 2016, tolling the limitations period under 28 U.S.C. § 2244(d)(2). *See* ECF No. 36-16.  That statutory tolling lasted until May 11, 2020, when the remittitur was issued following the affirmance of the denial of the state habeas petition. *See* ECF No. 38-11. The remaining 86 days of the one-year AEDPA limitations period ran out on August 5, 2020.  Herrada-Gonzalez's second state habeas action had no effect on the running of the AEDPA limitations, because it was initiated on February 19, 2021, after the one-year limitations period expired, and, at any rate, because the state courts ruled that it was untimely filed, meaning it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). *See Allen v. Siebert*, 552 U.S. 3, 5–6 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005).

Therefore, Herrada-Gonzalez's original petition (ECF No. 4), mailed to the Court on June 3, 2020, and his first amended petition (ECF No. 13), filed July 9, 2020, were filed before the limitations period expired, but his second amended petition (ECF No. 23), filed February 19, 2021, and his third amended petition (ECF No. 88), filed as an attachment to his motion to amend on March 21, 2025 (ECF No. 82), were filed after the limitations period expired.  This much is undisputed. *See* ECF No. 96 at 9; ECF No. 103 at 2.  The determinative issue is whether claims in Herrada-Gonzalez's third amended petition relate back to claims in his timely original petition or his timely first amended petition.

6

### 1.      Ground 1B

In Ground 1B, Herrada-Gonzalez claims his trial counsel provided ineffective assistance because they failed to request a special verdict form. ECF No. 88 at 12–14. Herrada-Gonzalez asserted this claim in his original petition (ECF No. 4 at 5–7) and his first amended petition (ECF No. 13 at 13–15).  Respondents, however, claim that Ground 1B, as pled in his third amended petition, does not relate back to his timely original or first amended petition. ECF No. 96 at 10–11.  The Court disagrees. The core operative fact in Ground 1B is that Herrada-Gonzalez's trial counsel did not request a special verdict form.  Respondents argue that, in his third amended petition, Herrada-Gonzalez added details about how that allegedly prejudiced him. *See id*.  But those new details are tied to the same core operative fact: that counsel did not request a special verdict form. Ground 1B relates back and is not time-barred.

### 2.      Ground 2

In Ground 2, Herrada-Gonzalez claims there was insufficient evidence to convict him of first-degree murder under either the lying-in-wait theory or the premeditation theory. ECF No. 88 at 14–16.  Herrada-Gonzalez also asserted this claim in his original (ECF No. 4 at 25–26) and first amended petition (ECF No. 13 at 19).  Respondents, however, claim that Ground 2, as pled in his third amended petition, does not relate back to his timely original or first amended petition. ECF No. 96 at 11.  Here again, the Court disagrees.  The core operative fact is that there was allegedly insufficient evidence to convict Herrada-Gonzalez of first-degree murder.  Respondents appear to argue that Herrada-Gonzalez has altered the claim by more thoroughly describing the evidence the Nevada Supreme Court relied upon in ruling that the evidence was sufficient. *See id*.  But that does not change the core operative fact.  Ground 2 relates back and is not time-barred.

### 3.      Ground 3

In Ground 3, Herrada-Gonzalez claims his federal constitutional rights were violated because the trial court failed to adequately instruct jurors on the elements of

lying-in-wait first-degree murder. ECF 88 at 16–17.  Herrada-Gonzalez also asserted in his original (ECF No. 4 at 9–12) and first amended petition (ECF No. 13 at 40–49) that the lying-in-wait first-degree murder instructions were inadequate.  Respondents, though, claim that Ground 3 as pled in the third amended petition does not relate back. ECF No. 96 at 12.  Respondents' argument is without merit.  The core operative fact in Ground 3 is that the trial court failed to adequately instruct jurors on the elements of lying-in-wait first-degree murder because the instruction did not adequately explain the required mens rea. *See* ECF 88 at 16–17.  Herrada-Gonzalez asserted that same claim in his original and first amended petitions. *See* ECF No. 4 at 9–12; ECF No. 13 at 40–49.  Ground 3 relates back and is not time-barred.

### B.    Exhaustion and Procedural Default

A state prisoner first must exhaust state court remedies relative to a habeas claim before presenting the claim in federal court. 28 U.S.C. § 2254(b)(1)(A).  This exhaustion requirement ensures, as a matter of comity, that the state courts have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999)).  To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings in the highest available state court. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

To be properly exhausted, the claim asserted in state court "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008)).  "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or

'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

### 1.    Ground 1A

In Ground 1A, Herrada-Gonzalez claims that his trial counsel was ineffective because counsel advised him to reject a favorable plea offer without explanation. ECF No. 88 at 9–12.  Herrada-Gonzalez asserted such a claim in his state habeas action. ECF No. 37-8 at 6–8.  The state district court held an evidentiary hearing, and Herrada-Gonzalez presented evidence, including his own testimony, in support of the claim. ECF No. 37-13.  Herrada-Gonzalez then raised the claim on his appeal in that action. ECF No. 38-5 at 20–30.  Respondents argue, though, that in the claim as presented in federal court Herrada-Gonzalez has added factual allegations that fundamentally alter the claim and place it in a significantly different and stronger evidentiary posture than it was in state court. ECF No. 96 at 14–15.

The factual allegations Respondents believe fundamentally alter the claim are that "in October 2009 [Herrada-Gonzalez] attempted to dismiss counsel because counsel pressured him to identify accomplices in exchange for a favorable plea, and that counsel's advice in December 2009 to reject the plea was inconsistent with counsel's earlier advice to cooperate with the prosecution to avoid a life sentence." *Id*. at 14.  Respondents' argument fails for two reasons.  First, Herrada-Gonzalez did, at the evidentiary hearing in state court, make essentially the allegations that Respondents argue he added in federal court. *See, e.g.,* ECF No. 37-13 at 29–30, 40–42. Respondents argue that in *Anderson v. Harless*, 459 U.S. 4, 6 (1982), "[t]he Supreme Court held … that a petitioner does not satisfy exhaustion merely because the state court record included related facts." ECF No. 105 at 5.  But the situation in *Anderson* was different.  The problem with the exhaustion of the petitioner's claim in *Anderson* was that in state court the petitioner did not clearly claim a violation of his federal constitutional rights; the issue in *Anderson* was not merely the manner in which the

petitioner presented the factual support for the claim in state court. *See Anderson*, 459 U.S. at 5–6.  In this case, in state court, Herrada-Gonzalez plainly claimed a violation of his federal constitutional rights, and he properly presented in state court the factual allegations that the respondents characterize as new.  Second, and at any rate, the allegations the respondents point to as new do not fundamentally change the claim or place it in a significantly different and stronger evidentiary posture.  Herrada-Gonzalez exhausted Ground 1A in state court.

### 2.   Ground 1B

In Ground 1B, Herrada-Gonzalez claims that his trial counsel was ineffective because counsel failed to request a special verdict form. ECF No. 88 at 12–14. Herrada-Gonzalez asserted this claim in his state habeas action (ECF No. 37-8 at 8–9) and included the claim in his appeal in that action (ECF No. 38-5 at 30–36). Respondents' argument, that Ground 1B is unexhausted, is as follows:

> Although Herrada-Gonzalez raised a related claim on appeal of his first state habeas petition, he failed to fairly present Ground One(B) to the Nevada Supreme Court.  Herrada-Gonzalez framed his state court claim around the reversal of the robbery conviction and the resulting uncertainty about which theory of liability the jury relied on for first-degree murder. ECF No. 38-5 at 30–36.  He argued that because the jury might have convicted under the felony-murder theory, vacating the robbery count undermined the factual basis of the murder conviction, and that counsel's failure to request a special verdict form caused prejudice by preventing him from proving that the jury relied on felony murder. *Id*.

> Herrada-Gonzalez however, failed to advance the additional factual allegations that drive his federal claim in Ground One(B).  He failed to allege that the evidence did not support the alternative theories of willful, deliberate, and premeditated murder or lying-in-wait. *Id*.  Instead, his state court claim assumed that the alternative theories remained legally and factually available and argued prejudice in a contingent manner based on the possibility the jury relied on felony murder.  His state court argument depended on post-verdict developments rather than asserting that the evidence at trial could not sustain the alternative theories.

> In contrast, Herrada-Gonzalez now alleges in Ground One(B) that counsel's failure to request a special verdict form constituted deficient performance precisely because the prosecution allegedly lacked evidence to support the alternative theories and the general verdict obscured whether the jury relied solely on felony murder. ECF No. 88 at 12–14. These additional factual allegations therefore place Ground One(B) in a significantly different and stronger evidentiary posture than the one presented to the Nevada Supreme Court.

ECF No. 96 at 15–16.  The Court rejects this argument; the additional argument presented in support of the claim in federal court does not fundamentally change the claim or place it in a significantly different and stronger evidentiary posture. Herrada-Gonzalez exhausted Ground 1B in state court.

### 3.    Ground 2

In Ground 2, Herrada-Gonzalez claims there was insufficient evidence to convict him of first-degree murder under either the lying-in-wait theory or the premeditation theory. ECF No. 88 at 14–16.  Herrada-Gonzalez asserted such a claim on his direct appeal. ECF No. 34-17 at 84.  Respondents point out that Herrada-Gonzalez's argument in federal court is somewhat different.  ECF No. 96 at 16–17.  But, nonetheless the claim was the same: that the evidence at trial was insufficient to support his first-degree murder conviction.  The claim is not fundamentally changed or placed in a significantly different and stronger evidentiary posture.  Ground 2 is exhausted.

### 4.    Ground 3

In Ground 3, Herrada-Gonzalez claims his federal constitutional rights were violated because the trial court failed to adequately instruct jurors on the elements of lying-in-wait first-degree murder. ECF 88 at 16–17.  Herrada-Gonzalez asserted such a claim on his direct appeal. ECF No. 34-17 at 44–46.  Here again, though, Respondents argue that Herrada-Gonzalez's argument is different in federal court. ECF No. 96 at 18. But again, the claim remains the same; it is not fundamentally changed or placed in a significantly different and stronger evidentiary posture.  Ground 3 is exhausted.

///

///

///

///

///

///

## IV.    Conclusion

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 96) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents will have 90 days from the date this order is entered to file an answer, responding to all the claims in Petitioner's third amended petition for writ of habeas corpus.  Petitioner will then have 45 days to file a reply.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), Jeremy Bean is substituted for Manuel Portillo as the respondent warden.  The Clerk of Court is kindly directed to update the docket to reflect this change.

DATED THIS __18__ day of _____June_____, 2026.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

12